IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02836-JLK

MARK SEARS,

     Plaintiff,

v.

CITY OF AURORA and DANIEL OATES, in his individual and official capacity,

     Defendants.

---

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (Docs. 34 & 35) AND
FOR PRETRIAL CONFERENCE

---

KANE, J.

     Plaintiff Marc Sears was terminated as an Aurora police officer after being involved in a single-car accident and refusing to consent to a chemical test.  He was charged with DUI, and later plead to a reduced charge of careless driving.  At the time, Sears had already had a previous DUI conviction while on the police force, which had resulted in disciplinary action and a warning from Aurora Police Chief Daniel Oates that any future incident involving alcohol abuse would likely lead to his termination.  After an internal investigation into the second incident, Chief Oates did, in fact, terminate Sears from the Department.

     Sears challenged his termination in administrative proceedings, ultimately resulting in a modification of his disciplinary action from termination to a six-month suspension without pay. Because Chief Oates admitted during the administrative proceedings that his decision to terminate Sears was based "in part" on Sears refusal to consent to the blood test, Sears filed suit,

1

characterizing the admission as proof of Fourth Amendment retaliation in violation of 42 U.S.C.

§ 1983 and naming Chief Oates in both his individual and official capacities as a defendant.[1]

The parties cross-move for summary judgment:  Sears arguing Oates's admission is

sufficient to entitle him to judgment as a matter of law and the City/Oates arguing Sears is not

only collaterally estopped and procedurally barred from pursuing his § 1983 claim, but that

neither is subject to suit because the record supports the existence of no constitutional injury.  I

reject each of these arguments.

The operative standard of proof in a constitutional retaliation claim under § 1983 is that

set forth in *Wulf v. City of Wichita,* 883 F.2d 842, 856-57 (10th Cir. 1989), namely, that

constitutionally protected conduct was a "substantial or motivating" factor for the adverse

employment action at issue and that but for the protected activity, no adverse employment action

would have been taken.[2]  The burden of proof under this standard is cleaved:  The employee

must prove constitutionally protected activity was a "substantial or motivating" factor in his

termination, and, if he makes this showing, the employer may avoid liability by proving the

employee would have been terminated irrespective of the protected activity.  Both sides miss the

point in this case by eliding the employment context in which the alleged retaliation took place

---

[1] Sears also names the City of Aurora independently as a defendant, but the inclusion is redundant.  For purposes of municipal liability under § 1983, a suit against a municipality and a suit against a municipal official acting in his or her official capacity are one and the same.  *See Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988)(citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) and *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978)).

[2] The protected activity at issue in *Wulf* was a criminal suspect's exercise of First Amendment rights, but I see no reason to treat the exercise of Fourth Amendment rights as analytically precluded under the facts of this case.  And while the City and Chief Oates take pains to distinguish Sears's refusal in this case to consent to a blood test in the context of a DUI investigation from the exercise of any cognizable Fourth Amendment right, I find the issue easily resolvable under existing law.  A chemical test is a search within the meaning of the Fourth Amendment, and requires either a warrant or an exception to the warrant requirement to effect.  Voluntary consent is an exception to the warrant requirement.  *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973).  If a blood test cannot be procured under the Fourth Amendment with a warrant or the suspect's consent, the suspect's refusal to consent is clearly an exercise of his Fourth Amendment rights.  *See id.*

and focusing, instead, on the standard in *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990) that involved retaliation by a police detective against a private citizen based on the citizen's actions in securing counsel.

Under the proper evidentiary standards in this case, any admission by Oates that Sears's consent refusal was "a" factor in his decision would be insufficient, by itself, to support a claim for damages under § 1983 and Sears's Motion for Summary Judgment is therefore DENIED. This determination also precludes individual liability on the part of Chief Oates under the doctrine of qualified immunity:  If § 1983 liability cannot lie for simply considering an employee's refusal to consent to a blood test in disciplinary action, without more, then no reasonable person in Chief Oates's position would have understood that doing so violated any clearly established constitutional norm.  Further, Sears's admission that he had had a previous DUI conviction and had been warned, by Chief Oates, that "another instance with the abuse of alcohol [and] I would most likely . . . be terminated" (Sears Depo. at 126-27) actually supports the City's affirmative defense under *Wulf* that Oates would have fired Sears anyway, irrespective of his exercise of his Fourth Amendment rights.  I do not reach this issue on summary judgment, however, because neither the City nor Sears address the evidence under the appropriate *Wulf* standard.

As for the City and Chief Oates's assertion that Sears's § 1983 claim is administratively or procedurally barred, those arguments are also rejected.  Constitutional claims fall outside the scope of C.R.C.P 106(a)(4) and are therefore not precluded by it.  Similarly, the administrative proceedings in which Sears engaged with the City of Aurora did not include the pursuit of constitutional claims so Sears is not collaterally estopped from pursuing them here.

Based on the foregoing, Defendants' Motion for Summary Judgment (Doc. 35) is GRANTED in part and DENIED in part.  It is GRANTED to the extent that Chief Oates is shielded from any liability on Plaintiff's § 1983 claim in his individual capacity under the doctrine of qualified immunity and Plaintiff's claim against him in that capacity is dismissed. Defendants Motion for Summary Judgment is DENIED in all other respects.  Sears's Motion for Summary Judgment, in which he purports to be entitled to judgment on his § 1983 claim as a matter of law (Doc. 34), is also DENIED.  This matter shall proceed against the City of Aurora/Chief Oates in his official capacity only, and will be set for a pretrial conference and trial setting forthwith.

The parties are directed to CONFER regarding the substance of this Order and call in to chambers no later than April 10, 2014, to set the case for a pretrial conference.  The parties are advised that the case will be analyzed under the standards articulated in *Wulf* in that it is an *employment* retaliation case requiring proof of invidious animus for liability to attach.  This means that no constitutional deprivation will lie in the absence of proof that Sears's constitutionally protected conduct was a "substantial or motivating factor" in the decision to terminate his employment; that it was "a" factor will not be enough.  The jury will have to find that Fourth Amendment retaliation was both "a" factor in Oates's termination decision and a factor that made a difference.  That is, Defendants would avoid liability under § 1983, even if Oates's decision were motivated "in part" by Sears's consent refusal, if they prove Sears would have been terminated, anyway, without reference to  that fact.  Given Sears's admissions already in the record, it appears unlikely he will be able to surmount such a defense.

Dated March 31, 2014.                         s/John L. Kane_____
                                              SENIOR U.S. DISTRICT JUDGE

4